UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DETRIC SIMPSON #152413,

   Plaintiff,           Hon. Janet T. Neff

v.                Case No. 1:17-cv-955

ELLIOT HARDY, et al.,

   Defendants.
_____/

## REPORT AND RECOMMENDATION

   This matter is before the Court on Defendants' Motion for Summary Judgment. (ECF No. 11).  Pursuant to 28 U.S.C. ' 636(b)(1)(B), the undersigned recommends that Defendants' motion be **granted** and this action **terminated**.

## BACKGROUND

   In his complaint, Plaintiff alleges that he is "an elderly prisoner who need[s] dentures to chew and eat his foods."  Plaintiff alleges that Defendants Elliot Hardy, D.D.S. and Alison Berger, D.D.S. have "deprived Plaintiff of his constitutional right to be free from cruel and unusual punishment by forcing him to remain in severe pain for over several months without any dental treatment."  Plaintiff alleges that Defendants' failure to provide him with appropriate dental care violates his rights under the Eighth and Fourteenth Amendments.  Plaintiff further alleges that Defendants' conduct violates state law.  Defendants Hardy and Berger now move for summary

-1-

judgment.

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).

While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by Asimply arguing that it relies solely or in part upon credibility determinations.@ *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party Amust be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, >Credibility,= and have a trial on the hope that a jury may disbelieve factually uncontested proof.@ *Id.* at 353-54. In sum, summary judgment is appropriate Aagainst a party who fails to make a showing sufficient to establish the existence of an element essential to that party=s case, and on which that party will bear the burden of proof at trial.@ *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a Asubstantially higher hurdle.@ *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). Where the moving party has the burden, Ahis showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party.@ *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). The Sixth Circuit has emphasized that the party with the burden of proof Amust show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it.@ *Arnett*, 281 F.3d at 561. Accordingly, summary judgment in favor of the party with the burden of persuasion Ais inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact.@ *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

**I.      Eighth Amendment**

The Eighth Amendment's prohibition against cruel and unusual punishment applies not only to punishment imposed by the state, but also to deprivations which occur during imprisonment and are not part of the sentence imposed. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Estelle v. Gamble*, 429 U.S. 97, 101-02 (1976). Accordingly, the Eighth Amendment protects against the unnecessary and wanton infliction of pain, the existence of which is evidenced by the "deliberate indifference" to an inmate's "serious medical needs." *Estelle*, 429 U.S. at 104-06; *Napier v. Madison County, Kentucky*, 238 F.3d 739, 742 (6th Cir. 2001).

The analysis by which a defendant's conduct is evaluated consists of two-steps. First, the Court must determine, objectively, whether the alleged deprivation was sufficiently serious. A "serious medical need," sufficient to implicate the Eighth Amendment, is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008). If the objective test is met, the Court must then determine whether the defendant possessed a sufficiently culpable state of mind:

> a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Id.* at 837.

In other words, the plaintiff "must present evidence from which a trier of fact could

-4-

conclude 'that the official was subjectively aware of the risk' and 'disregard[ed] that risk by failing to take reasonable measures to abate it." *Greene v. Bowles*, 361 F.3d 290, 294 (6th Cir. 2004) (citing *Farmer*, 511 U.S. at 829, 847).

To the extent, however, that Plaintiff simply disagrees with the treatment he received, or asserts that he received negligent care, Defendant is entitled to summary judgment. *See Williams v. Mehra*, 186 F.3d 685, 691 (6th Cir. 1999) (citing *Estelle*, 429 U.S. at 105-06) ("[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner"); *Brown v. Kashyap*, 2000 WL 1679462 at *1 (6th Cir., Nov. 1, 2000) (citing *Estelle*, 429 U.S. at 106) ("allegations of medical malpractice or negligent diagnosis and treatment" do not implicate the Eighth Amendment); *Mingus v. Butler*, 591 F.3d 474, 480 (6th Cir. 2010) (to prevail on an Eighth Amendment denial of medical treatment claim, "the inmate must show more than negligence or the misdiagnosis of an ailment"); *Robbins v. Black*, 351 Fed. Appx. 58, 62 (6th Cir., Nov. 3, 2009) ("mere negligence or malpractice is insufficient to establish an Eighth Amendment violation").

Plaintiff alleges that Defendants have denied him appropriate dental treatment. In support of their motion for summary judgment, Defendants have submitted evidence including personal affidavits and copies of Plaintiff's dental treatment records. A review of this evidence reveals that Plaintiff has, in fact, received extensive dental treatment, but simply disagrees with the conclusions and judgments of Defendants and others. The evidence in question reveals the following.

On June 21, 2016, Plaintiff was examined by Defendant Berger. (ECF No. 12-3 at PageID.71; ECF No. 12-8 at PageID.86). Plaintiff reported that his "dentures were not staying in

place." (ECF No. 12-3 at PageID.71; ECF No. 12-8 at PageID.86). After examining Plaintiff, Berger concluded that "Plaintiff did not have enough bone to keep the lower denture straight or to support a new lower denture." (ECF No. 12-3 at PageID.71; ECF No. 12-8 at PageID.86). Thus, Berger further concluded that "there was no treatment [she could provide Plaintiff] within MDOC policy because the Plaintiff's condition eliminated the option for a lower denture and the upper denture alone was not useful for eating." (ECF No. 12-3 at PageID.71; ECF No. 12-8 at PageID.86).

On August 2, 2016, Plaintiff reported that his lower denture did not fit properly. (ECF No. 12-10 at PageID.135). Plaintiff requested to meet with a dental care provider so that his lower denture could be repaired. (ECF No. 12-10 at PageID.135). On September 14, 2016, Plaintiff was examined by Defendant Hardy. (ECF No. 12-3 at PageID.72; ECF No. 12-11 at PageID.138). Hardy observed that Plaintiff "had a poor mandibular ridge and loose flabby tissue with lower arch." (ECF No. 12-3 at PageID.72; ECF No. 12-11 at PageID.138). Hardy concluded, therefore, that "dentures could not be made [for Plaintiff] because of the current state of Plaintiff's gums." (ECF No. 12-3 at PageID.72; ECF No. 12-11 at PageID.138). As Hardy elaborated in his affidavit, "Plaintiff only has tissue and no bones in his gums; the bone structure is necessary to hold a denture. The bone structure has completely gone away; therefore, Plaintiff lacks the required ridge necessary to hold dentures." (ECF No. 12-11 at PageID.138). Hardy nevertheless referred Plaintiff to an oral surgeon for a second opinion. (ECF No. 12-3 at PageID.72; ECF No. 12-11 at PageID.138). On October 20, 2016, Plaintiff met with an oral surgeon who recommended against trimming the tissue away from Plaintiff's lower mandible as doing so would "likely" cause Plaintiff to suffer "V3

paresthesia."[1]  (ECF No. 12-3 at PageID.72).

On January 12, 2017, Plaintiff was again examined by Defendant Berger.  (ECF No. 12-3 at PageID.73; ECF No. 12-8 at PageID.86).  Berger concluded that while Plaintiff's "upper and lower dentures were functioning," Plaintiff nevertheless "has a very atrophic mandibular ridge, and therefore, the prognosis of Plaintiff's denture use was guarded due to lack of bone support."  (ECF No. 12-3 at PageID.73; ECF No. 12-8 at PageID.86).  Following this examination, Defendant Berger had no further involvement in Plaintiff's care.  (ECF No. 12-8 at PageID.87).

On January 20, 2017, Plaintiff was examined by yet another dentist who informed him that there was "really nothing to be done" regarding Plaintiff's denture-related complaints.  (ECF No. 12-3 at PageID.73).  This dentist nevertheless offered to trim the flange of Plaintiff's dentures "if he wanted to try that."  (ECF No. 12-3 at PageID.73).  Plaintiff declined the offer to trim of adjust his lower dentures because it "probably wouldn't make any difference."  (ECF No. 12-3 at PageID.73).

On July 6, 2017, Plaintiff reported that he was experiencing a "problem chewing and eating."  (ECF No. 12-16 at PageID.150).  Plaintiff was examined by Defendant Hardy on July 10, 2017.  (ECF No. 12-3 at PageID.73-74; ECF No. 12-11 at PageID.138).  In light of Plaintiff's circumstance, Hardy prescribed for Plaintiff "a mechanical soft diet. . .to ensure that Plaintiff was receiving proper nutrition."  (ECF No. 12-3 at PageID.74; ECF No. 12-11 at PageID.138).  This accommodation was effective for 180 days.  (ECF No. 12-3 at PageID.74).  On January 22, 2018,

---

[1] Paresthesia, generally, refers to a prickling, burning, tingling, numb, or itching sensation.  *See* What is Paresthesia?, available at https://www.webmd.com/brain/paresthesia-facts (last visited on Oct.25, 2018).  The mandibular nerve is referred to as the "V3" nerve.  *See* Mandibular Nerve Neurosensory Impairment Following Dental Implant Surgery: Management and Protocol, available at https://www.oralhealthgroup.com/features/mandibular-nerve-neurosensory-impairment-following-dental-implant-surgery-management-and-protocol/ (last visited on Oct. 25, 2018).

and then again on July 17, 2018, Defendant Hardy renewed Plaintiff's soft diet accommodation for an additional 180 days. (ECF No. 12-3 at PageID.74-75; ECF No. 12-11 at PageID.139).

It is clear that Plaintiff was not denied dental treatment, but instead that Plaintiff simply disagrees with the treatment he received. As previously noted, however, such disagreement does not implicate the Eighth Amendment. Plaintiff attempts to avoid this conclusion by arguing that Defendants violated his rights by failing to sooner prescribe for him a soft diet. However, the first indication in the record that Plaintiff was experiencing difficulty eating was his July 6, 2017 request for treatment, immediately after which Defendant Hardy prescribed Plaintiff a soft diet. (ECF No. 12-3 at PageID.74; ECF No. 12-11 at PageID.138; ECF No. 12-16 at PageID.150). Plaintiff's prior requests for dental care made no mention of alleged difficulty eating and such complaints are not reflected in the contemporaneous treatment notes authored by Plaintiff's care providers. (ECF No. 12-3 at PageID.71-75; ECF No. 12-4 at PageID.77; ECF No. 12-6 at PageID.81; ECF No. 12-8 at PageID.85-88; ECF No. 12-10 at PageID.135; ECF No. 12-11 at PageID.137-39; ECF No. 12-12 at PageID.141-42; ECF No. 12-13 at PageID.144; ECF No. 12-15 at PageID.148). Accordingly, the undersigned recommends that Defendants' motion for summary judgment be granted as to Plaintiff's Eighth Amendment claims.

**II.        Fourteenth Amendment**

Plaintiff also alleges that Defendants' conduct violated his Fourteenth Amendment right to be free from deliberate indifference to his serious medical needs. As the Supreme Court has made clear, however, a plaintiff cannot assert a claim under the general protections of the Fourteenth Amendment if the right in question is expressly protected under a different constitutional

amendment. *See Albright v. Oliver*, 510 U.S. 266, 273 (1994) ("[w]here a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims'"). Plaintiff's deliberate indifference claims are adequately protected by the Eighth Amendment. Accordingly, the undersigned recommends that Defendants are entitled to summary judgment as to Plaintiff's Fourteenth Amendment claims.

### III.    State Claims

In addition to his various federal law claims, Plaintiff also asserts unspecified state law claims. Federal law provides that the Court "may decline to exercise supplemental jurisdiction" over related state law claims if such claims "substantially predominate[] over the claim or claims over which the district court has original jurisdiction." 28 U.S.C. § 1367(c)(2). Indeed, "if the federal claims are dismissed before trial. . .the state claims should be dismissed as well." *Taylor v. First of America Bank - Wayne*, 973 F.2d 1284, 1287 (6th Cir. 1992) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)); *see also*, *Bah v. Attorney General of the State of Tennessee*, 610 Fed. Appx. 547, 555 (6th Cir., May 8, 2015) (same). Accordingly, the undersigned recommends that the Court decline to exercise jurisdiction over Plaintiff's remaining state law claims and instead dismiss such without prejudice so that Plaintiff may pursue such in the appropriate state forum.

### CONCLUSION

For the reasons articulated herein, the undersigned recommends that <u>Defendants' Motion for Summary Judgment</u>, (ECF No. 11), be **granted** and this action **terminated**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice.  28 U.S.C. ' 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court=s order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                                      Respectfully submitted,

Date:  October 29, 2018                         /s/ Ellen S. Carmody
                                                         ELLEN S. CARMODY
                                                         United States Magistrate Judge