UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DETRIC SIMPSON,

    Plaintiff,

v.

ELLIOT HARDY, et al.,

    Defendants.
_____/

Case No. 1:17-cv-955

HON. JANET T. NEFF

## OPINION AND ORDER

Plaintiff filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Elliot Hardy, D.D.S., and Alison Berger, D.D.S., alleging violations of his rights under the Eighth and Fourteenth Amendments and state law. Defendants filed a motion for summary judgment. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that this Court grant Defendants' motion. The matter is presently before the Court on Plaintiff's five objections to the Report and Recommendation. Defendants filed a response to Plaintiff's objections. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

***Objection One.*** Plaintiff first argues that the Magistrate Judge's "reliance upon the Defendants' self serving affidavits which purporst [sic] this lack of bottom gum tissue to support a bottom denture … should be overruled and his objection sustained, because a jury could

reasonably conclude that Defendants are not being truthful" (Pl. Obj., ECF No. 19 at PageID.230-231).

Plaintiff's argument lacks merit.

The Magistrate Judge considered not only the affidavits in this case but also Plaintiff's kites and dental treatment records and determined that "[a] review of this evidence reveals that Plaintiff has, in fact, received extensive dental treatment, but simply disagrees with the conclusions and judgments of Defendants and others" (R&R, ECF No. 18 at PageID.222). A nonmoving party cannot respond to evidence simply by claiming that "a jury might choose to disregard it or might find it unpersuasive." *Fogerty v. MGM Grp. Holdings Corp.*, 379 F.3d 348, 353-54 (6th Cir. 2004). *See also Rhinehart v. Scutt*, 894 F.3d 721, 741 (6th Cir. 2018) ("Allegations 'that more should have been done by way of diagnosis and treatment' and 'suggest[ions]' of other 'options that were not pursued' raise at most a claim of medical malpractice, not a cognizable Eighth Amendment claim.") (citing *Estelle v. Gamble*, 429 U.S. 97, 107 (1976)). Plaintiff's objection is therefore denied.

*Objection Two.* Plaintiff next argues that while the Magistrate Judge "clearly outline[d] when Plaintiff started complaining about his bottom dentures," the Report and Recommendation "does not show or address the long delay, from "June 2016, to July 2017, when the mechanical [soft] diet was actually prescribed" (Pl. Obj., ECF No. 19 at PageID.231).

Plaintiff's argument lacks merit.

The Magistrate Judge expressly addressed Plaintiff's argument that Defendants "violated his rights by failing to sooner prescribe for him a soft diet" (R&R, ECF No. 18 at PageID.224-225). The Magistrate Judge determined that Plaintiff's "delay" argument was not supported by any evidence because the first indication in the record that Plaintiff was experiencing difficulty

"chewing and eating" was his July 6, 2017 request for treatment, immediately after which Defendant Hardy prescribed Plaintiff a soft diet (*id.*; Defs. Ex. O, 7/7/17 Kite, ECF No. 12-16 at PageID.150; Defs. Ex. B, Summary Report for Patient 0152413, ECF No. 12-3 at PageID.73). The Michigan Department of Corrections "Summary Report for Patient 0152413" indicates that Defendant Hardy prescribed a soft diet on July 10, 2017 (Defs. Ex. B, ECF No. 12-3 at PageID.74). Defendant Hodge renewed the soft-diet prescription on January 22, 2018, and Defendant Hardy renewed it again on July 18, 2018 (*id.* at PageID.74-75). The Magistrate Judge determined that "Plaintiff's prior requests for dental care made no mention of alleged difficulty eating and such complaints are not reflected in the contemporaneous treatment notes authored by Plaintiff's care providers" (R&R, ECF No. 18 at PageID.225). Plaintiff's mere assertion to the contrary does not demonstrate any factual or legal error by the Magistrate Judge in her analysis or conclusion. Instead, a nonmoving party must present "affirmative evidence to defeat a properly supported motion for summary judgment." *Cox v. Ky. Dep't of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995). Plaintiff's objection is therefore denied.

***Objection Three.*** Similarly, Plaintiff next argues that the Magistrate Judge erred in "fail[ing] to assert that Defendant Berger's January 12, 2017 examination did not order a soft diet to assist Plaintiff with his dental need" (Pl. Obj., ECF No. 19 at PageID.231). For the reasons previously stated, Plaintiff's argument is not supported by the record and does not demonstrate any factual or legal error by the Magistrate Judge in her analysis or conclusion. Plaintiff's objection is denied.

***Objection Four.*** Similarly, Plaintiff next argues that the Magistrate Judge's "ill fated recommendation should be rejected as the alleged treatment provided to Plaintiff was not for his serious medical need complained of in the action, which amounts to a significant delay in the

proper treatment needed" (Pl. Obj., ECF No. 19 at PageID.232-233). For the reasons previously stated, Plaintiff's argument is not supported by the record and does not demonstrate any factual or legal error by the Magistrate Judge in her analysis or conclusion. Plaintiff's objection is denied.

*Objection Five.* Last, Plaintiff argues that "the (R&R), on his Fourteenth Amendment claim is also contrary to clearly established law" (Pl. Obj., ECF No. 19 at PageID.233).

Plaintiff's argument lacks merit.

The Magistrate Judge recommends that this Court dismiss Plaintiff's Fourteenth Amendment violation claim because Plaintiff's deliberate-indifference claim is "adequately protected by the Eighth Amendment" (R&R, ECF No. 18 at PageID.225-226). The Magistrate Judge's recommendation is consistent with clearly established law. *See Albright v. Oliver*, 510 U.S. 266, 273 (1994) ("Where a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims.'") (citation omitted); *Dodson v. Wilkinson*, 304 F. App'x 434, 438 (6th Cir. 2008) ("The Eighth Amendment protects prison inmates against deliberate indifference to their serious medical needs, regardless of how that deliberate indifference is evidenced."). Plaintiff's objection is therefore denied.

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court, including the Magistrate Judge's recommendation that this Court decline to exercise supplemental jurisdiction over Plaintiff's state-law claims. *See* 28 U.S.C. § 1367(c)(3). Because this Opinion and Order resolves all pending claims, a Judgment will also be entered. *See* Fed. R. Civ. P. 58. Last, because this action was filed *in forma pauperis*, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision would not be taken in good

4

faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211-12 (2007). Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 19) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 18) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (ECF No. 11) is GRANTED for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that this Court DECLINES to exercise supplemental jurisdiction over Plaintiff's state-law claims, and the state-law claims are DISMISSED WITHOUT PREJUDICE.

**IT IS FURTHER ORDERED** that this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this decision would not be taken in good faith.


Dated: March 18, 2019 /s/ Janet T. Neff
JANET T. NEFF
United States District Judge